RAFAEL M. GARCÍA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 827.—*Sometido:* Diciembre 22, 1930. *Resuelto:* Enero 30, 1931.

*E. Huertas Zayas,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de San Germán cierta escritura de compraventa e hipoteca otorgada por el tutor de una persona incapaz por razón de demencia y de otras personas menores de edad, el registrador la inscribió totalmente en cuanto a la compraventa y sólo en lo que respectaba a los menores en cuanto a la hipoteca. Fundó su negativa así:

"PRIMERO: Porque la certificación librada por el Secretario de la Corte de Distrito del Distrito Judicial de Ponce de fecha once de julio del corriente año y. que se marca con la letra 'A' y la cual se

acompaña como documento complementario a la predicha escritura, en esa certificación se inserta entre otras cosas, o sea el nombramiento de tutor para Inés Mercado Torres recaído en la persona de Nicolás García Torres en cuyo carácter comparece en la mencionada escritura, sin que en la precitada resolución ni por ningún otro documento se haya justificado ni se justifique que para llevar a efecto el nombramiento de tutor para la susodicha Inés Mercado, haya precedido su declaración de incapacidad, requisito éste de suma importancia e indispensable, a los fines de la ley, según lo determina la sección segunda del capítulo III, Título X, Libro I del vigente Código Civil.

"SEGUNDO: Porque si bien se hace constar en la certificación supradicha y en su parte dispositiva que se nombra tutor de la indicada Inés Mercado a Nicolás García Torres por estar aquélla incapacitada, este extremo de la incapacidad para que surta todos los efectos legales por imperio de la ley, es necesario que por la Honorable Corte, se hubiese declarado expresamente la incapacidad de la Mercado en y por el procedimiento a que se alude el precepto legal antes indicado; de acuerdo con las disposiciones de la ley sobre la materia, D.P.R. tomo 30, página 758. Tomo 36, página 553. San Germán, noviembre seis de 1930."

█ No conforme el tutor, interpuso el presente recurso gubernativo. Para resolverlo es necesario transcribir la sentencia de la corte, acompañada a la escritura otorgada por el tutor. Dice así:

"POR CUANTO, en el presente caso Rafael M. García, radicó bajo juramento una petición solicitando que la corte nombre un tutor a Inés Mercado Torres, previa declaración de incapacidad que en moción aparte solicita el Fiscal del Distrito.

"POR CUANTO, de la referida petición, así como de la prueba presentada y admitida en la vista de este caso resulta que la mencionada Inés Mercado Torres forma parte de la Sucesión de Rafael Irizarri Irizarri, en que existen bienes y cuatro hijos menores de edad a quienes el finado les nombró como tutor a Nicolás García; que el referido tutor no ha podido actuar como tal porque los referidos menores tienen madre que aunque hace tiempo está demente, no había sido declarada oficialmente como incapaz;

"POR CUANTO, vista la moción del Fiscal del Distrito en la que expone que la referida Inés Mercado Torres está demente y no puede regir su persona y bienes; que las personas llamadas a sucederle

abintestato son menores de edad y que solicita que la corte la declare incapacitada;

"Por cuanto, las únicas personas existentes a quienes por ley corresponde la tutela de la referida Inés Mercado Torres y que son sus hermanos Antonio y Cristina Mercado, han expresado bajo juramento que no les es posible aceptar dicha tutela y que para ello recomiendan a Nicolás García o sea el mismo que el finado Sr. Irizarri designó a los menores hijos;

."Por cuanto, de la prueba practicada aparece que los bienes que posee la mencionada sucesión ascienden a $1,800.00.

"Por tanto, la corte es de opinión que debe dictar y dicta una sentencia declarando que Inés Mercado Torres está incapacitada para regir su persona y bienes y nombra como tutor de la misma a Nicolás García, quien deberá prestar una fianza de $300.00 para responder a la incapacitada de los daños y perjuicios que pudiera causarle por razón de esta tutela."

La ley aplicable está contenida en los artículos del Código Civil Revisado que a continuación se transcriben:

"Artículo 250.—No se puede nombrar tutor a los locos, dementes y sordomudos mayores de edad, sin que preceda la declaración hecha por la corte de distrito de su domicilio, de que son incapaces para administrar sus bienes.

"Artículo 251.—Pueden solicitar esta declaración el cónyuge y los parientes del presunto incapaz que tengan derecho a sucederle abintestato.

"Artículo 252.—El fiscal deberá pedirla:

" '1. Cuando se trate de dementes furiosos.

" '2. Cuando no exista ninguna de las personas mencionadas en el artículo precedente o cuando no hicieren uso de la facultad que les concede.

" '3. Cuando el cónyuge y los herederos del presunto incapaz sean menores o carezcan de la personalidad necesaria para comparecer en juicio.

" 'En todos estos casos, la corte de distrito correspondiente nombrará defensor al presunto incapaz que no quiera o no pueda defenderse. En los demás, será defensor el fiscal.'

"Artículo 253.—Antes de declarar la incapacidad, la corte de distrito oirá el dictamen de facultativos y las demás pruebas que considere necesarias.

"Artículo 254.—La declaración de incapacidad deberá hacerse

sumariamente y mediante comparecencia verbal ante la corte de distrito. La que se refiere a sordomudos fijará la extensión y límites de la tutela según el grado de incapacidad de aquéllos.''

No hay duda alguna que la declaración de incapacidad debe preceder al nombramiento de tutor. Como que el tutor se nombra a virtud de la incapacidad. Sin embargo esto no quiere decir que la corte que acaba de resolver sobre la incapacidad no pueda inmediatamente decidir sobre el nombramiento de tutor.

Lo normal es que se tramiten dos expedientes, uno sobre incapacidad y otro sobre tutela, pero tratándose de la misma corte no vemos por qué no pueda en la propia sentencia hacerse como se hizo en este caso, esto es, declarar la incapacidad y nombrar el tutor. Aunque sea de un instante, la precedencia existe.

■■ La duda que surge y que nos lleva a la confirmación de la nota recurrida, es la de que si bien aparece de los *por cuantos* de la sentencia declarando la incapacidad y nombrando el tutor, que actuó el fiscal y que su moción fué vista, no consta que se hubiera seguido por completo el procedimiento de ley, nombrándose el defensor a la presunta incapaz y oyéndose el dictamen de facultativos, que exige el estatuto.

A fin de que se inscriban en el registro los títulos en la forma más perfecta que sea posible, quedando de tal modo protegidos los terceros con su sola inspección, debe demostrarse con toda claridad en un caso como éste, que se ha seguido el procedimiento de ley. Esta demostración pueden exigirla los registradores de acuerdo con la ley y la jurisprudencia, pues con ello no penetran en el campo peculiar y exclusivo reservado a los jueces, apreciando la justicia o injusticia de sus resoluciones, sino que cumplen con la responsabilidad que les impone la misma Ley Hipotecaria en su artículo 18, de calificar la legalidad de las escrituras y de los documentos expedidos por la autoridad judicial que se les

presenten, y la capacidad de las partes, por lo que resulte de los mismos documentos y escrituras, y a los solos efectos de admitir, suspender o negar la inscripción o anotación solicitadas.

*Debe confirmarse la nota.*